McKinney, J.,
delivered the opinion of the Court.
This was an application to the Circuit Court to supersede two executions issued upon a magistrate’s judgments in favor of the plaintiffs against the defendant, as stayor, upon the ground that the latter had never assented to become bound as stayor.
An issue of fact was made up, and submitted to a jury for trial. The question in the case arises upon the instructions of the Court to the jury; and it is this: If the stayor appear in person before the justice, at his office, and authorize the justice to sign his name as surety for the stay *35 of execution, but the justice omits to do so in his presence, and until after he has left the office and gone elsewhere; will the stayor be bound by the act of the justice, in signing his name, under such circumstances ? The Circuit Judge held that he would not, and quashed the executions. In this, we think, the Court erred.
We are not aware that this precise question has been decided in any previous case. It is admitted that the stay of an execution is, in effect, the confession of a judgment; and, to be binding on the stayor, ought to possess the essential requisites of a judgment by confession. But has it ever been held that the actual, physical presence of the party, who has regularly confessed judgment in a court of record or before a justice, at the moment when the judgment is entered of record by the clerk or justice, is essential to the validity of such judgment ? If the party appear in court, and voluntarily confess judgment according to the forms of law, is it a matter of any importance, in view of the law, whether the mere nominal act of writing the judgment on the record-book be performed in his presence or absence ? or at the same instant of time, or at a subsequent hour, or even subsequent day? Surely not. All that in reason can be deemed essential is, that the party voluntarily, and with full knowledge of the effect of his act, agreed to confess, and actually did confess judgment, in the presence of the Court. This is all that is for him to do: the recording of the judgment is the mere ministerial act of the clerk, under the direction of the Court. So in the case of the stay of an execution like the present, all that can be required as essential to the liability of the stayor is, that he shall appear before the justice, at his office, and voluntarily acknowledge himself as surety for *36 the stay of execution, with the purpose and intention of being bound as such. If this shall have -been done, what sense would there be in holding that the legal effect of the undertaking should be made to depend upon the actual presence of the stayor at the moment such undertaking was reduced to writing by the justice ? This point was not in judgment in the case of Hickman vs. Williams, Martin and Yerger’s Rep. 116; and the dictum in that case is, of course, not authority.. Nor in any other case, to which we have referred, was the point presented.
The judgment will be reversed, the petition and certio-rari dismissed, and a procedendo awarded to the justice.